In the Matter of RUBIN H. FEINGOLD et al., Petitioners, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission for the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, February 16, 1948.

*Albert DeRoode* for petitioners.

*Charles E. Murphy, Corporation Counsel (Thomas W. A. Crowe* of counsel), for Ferdinand Q. Morton and others, constituting the Municipal Civil Service Commission for the City of New York, respondents.

LEVY, J. This is a motion to annul an examination held by the municipal civil service commission for promotion to a presently nonexistent vacancy in the title of " Senior Chemist " in the department of health, and to cancel the resulting eligible list. In addition a declaration is sought to the effect that petitioners are entitled to have their compensation, exclusive of the so-called " cost of living bonus ", increased without further examination beyond $3,300 per year.

The five petitioners and four other persons are employed in the bureau of food and drugs in the department of health under the title of " Food Chemist ". Prior to the year 1937 the position of " Chemist " in various departments of the city service was classified in the " ungraded service " of the competitive class of the municipal civil service and petitioners came within that classification. By resolution of the municipal civil service commission adopted November 4, 1937, and thereafter approved by the Mayor and by the State Civil Service Commission, as it is alleged in the answer, " what was theretofore known as ' Part XV, the Chemical Service ' * * *, but applicable only to positions in the Department of Purchase, was extended to include and govern all the other departments and agencies in City service, including the Department of Health wherein petitioners had been employed. The ' Chemical

Service ' so extended to include all departments of the City consisted (among others) of the following titles, grades, salary limitations, etc.:  *  *  *

" ' Grade 4, Chemist, $2700, to but not including $3300 per annum.

" ' Grade 5, Senior Chemist, $3300, to but not including $3900 per annum.' "

On or about December 21, 1944, Ernest L. Stebbins, the then commissioner of the department of health, requested the commission to hold an examination for promotion to the position of senior chemist in that department. The commission subsequently proceeded with the necessary preliminary arrangements. On or about April 14, 1947, it caused an advertisement for a promotion examination for the position of senior chemist in the department of health to be published in the City Record. Four of the nine chemists employed in the food and drugs laboratory of that department, including three of the petitioners, filed applications with the commission. Only one of the applicants, who is not one of the petitioners, took the written test on May 29, 1947.

On or about April 21, 1947, petitioners and other chemists in the department of health addressed a communication to the commission requesting postponement of the scheduled promotion examination and also objecting to a holding of the examination at any time. On or about April 24, 1947, Israel Weinstein, the then commissioner of health, also wrote to the commission urging that the examination be postponed. The commission refused, however, to accede.

Petitioners maintain that competitive examination is impracticable for the promotion of petitioners and others in the department of health holding the position of " Chemist " to a position called " Senior Chemist ". They urge that " There is no characteristic of the work of ' Chemist ' in the Health Department justifying the grade of ' Senior Chemist '." They state: " The distinctive characteristic of the work of food chemists in the Department of Health which makes them not subject to direction by a senior chemist, or by anybody else for that matter, and not in any realistic sense subject to grading either as to their knowledge of chemistry or their relative merits susceptible of ascertainment by promotion examination, is that they must as part of their duties qualify as experts in their particular field of food chemist in criminal and civil prosecutions which the City undertakes. They testify not only in the criminal courts and minor civil courts but in the Supreme Court

itself. They must be able under cross-examination to state that they were not directed in the performance of their investigation and analysis by anyone and that no one else performed any essential part of their analysis. * * * This duty of testifying as an expert loses its effectiveness in court if one of the food chemists may be asked on cross-examination: ' Are you of the grade of principal chemist? ' or: ' Are you a senior chemist receiving over Thirty-three hundred ($3300) dollars salary? ' or: ' Are you just a plain chemist receiving less than Thirty-three hundred ($3300) dollars? ' "

Petitioners' reasoning is not persuasive. An important distinction between the duties of a person possessing the title of " Chemist " and those of a person holding the title of " Senior Chemist " is that the latter's duties include the supervision of personnel. The fact that one of the duties of " Chemists " is to testify as experts in prosecutions for food violations, which is also one of the duties of a person holding the title of senior chemist does not, in the court's opinion, make it impracticable to create the higher position of senior chemist, with a salary grade in excess of that applicable to the position of chemist. Certainly the attempt of the commission to establish the higher position and its finding that competitive examination is practicable for promotion to that position cannot be held to be without substantial basis and therefore an abuse of the discretion confided by statute to it. Seemingly, there is ample basis for the conclusion of the commission that the nine chemists in the food and drug bureau of the department of health should not do their work unsupervised by someone in a higher position.

The court accordingly holds that it may not substitute its judgment for that of the commission on the question of whether competitive examination is practicable for promotion from the position of chemist in the department of health to the position of senior chemist in that department.

Petitioners also contend that since there is no existing vacancy in the position of senior chemist in the department of health, because the health commissioner has not requested the filling of such a position and because there is no budgetary appropriation therefor, the act of the commission in holding such promotion examination is arbitrary and capricious. The difficulty with petitioners' position is that the commission does not have to await the existence of an actual vacancy before holding a promotion examination. It may anticipate the possibility that in the future there will be such a vacancy and may hold an examination for the purpose of promulgating an eligible list

from which the vacancy may be filled if it should ever exist. If there should be no such vacancy or appropriation therefor, no harm to petitioners can result.

It follows that the motion, insofar as it seeks to annul the promotion examination and cancel any eligible list based thereon, must be denied.

Petitioners also seek a declaration that their salaries may be increased beyond $3,300 per annum (exclusive of the " cost of living bonus "), the maximum limit of the grade of " Chemist ", without further examination. It does not appear, however, that there is any present intention on the part of the department of health to increase petitioners' compensation, and what petitioners are, therefore, really seeking is in effect a declaratory judgment that in the event that it should hereafter be desired to increase their salaries, this may be legally done without further examination. In the court's opinion a proceeding under article 78 of the Civil Practice Act is not the proper vehicle to obtain a declaratory judgment as to the rights of parties in a situation which has not arisen and which conceivably may not arise hereafter. The article permits the maintenance of what were formerly proceedings of certiorari, mandamus and prohibition. None of those proceedings authorizes the type of declaration which petitioners presently seek and there appears to be no section of article 78 to which they can point as authority for that relief. They do not seek to review a determination of a body or officer, or to compel performance of a duty specifically enjoined by law, or to restrain a body or officer from exercising judicial or quasi-judicial functions. The proper remedy of petitioners is a plenary action for a declaratory judgment.

It is to be noted that the appointment of a senior chemist from the eligible list promulgated on the basis of the promotion examination cannot affect petitioners' right, if they are correct in their claim that they possess such a right, to receive without examination or promotion, salary increases beyond the maximum of $3,300, applicable to the position of chemist, by virtue of the grading resolution heretofore referred to.

The motion, therefore, to the extent that it seeks a declaration that petitioners' salary may be increased without examination is denied, but without prejudice.

In view of the fact that the main relief sought by petitioners must be denied, their application to strike various allegations, denials and defenses from the answer of respondents must likewise be denied as academic.

The motion is accordingly denied in all respects.